# Fox, Appellant, *v.* Seabury.

*Contract—Consideration—Failure of consideration.*

In an action to recover one half of commissions for sale of real estate it appeared that the defendant was the agent of the owner for the sale of the real estate.    Plaintiff claimed that he was entitled to one half of the commissions by reason of an agreement between himself and defendant. Defendant offered testimony which showed that plaintiff was the confidential agent and adviser of the owner, and that when he learned of the owner's agreement with defendant, he came to the latter and threatened that unless he was given a share of the commissions stipulated for, he would procure the cancellation of the agreement, and prevent the acceptance of any purchaser that might be secured; that the sole inducement for the making of the agreement was the plaintiff's threat that by the unwarranted use of his personal influence with the owner, he would prevent the defendant from deriving any advantage from the agreement. *Held,* that plaintiff was not entitled to recover.

Argued Jan. 25, 1905.    Appeal, No. 336, Jan. T., 1904, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1903, No. 1000, dismissing bill in equity in case of George Fox v. James M. Seabury, A. S. L. Shields, and the Fidelity Trust Company et al., Trustees of Andrew M. Moore, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ.    Affirmed.

Bill in equity for an injunction to secure the payment to plaintiff of one half of a judgment.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court dismissing the bill.

*Henry J. Scott,* with him *W. Wilson Carlile,* for appellant.

*E. O. Michener*, with him *A. S. L. Shields*, for appellees, cited: Penna. R. R. Co. v. Flanigan, 112 Pa. 558; Everhart v. Searle, 71 Pa. 256; Addison v. Wanamaker, 185 Pa. 536; Finch v. Conrade, 154 Pa. 326; Rice v. Davis, 136 Pa. 439; Kauffman v. Keiper, 5 Northampton, 244.

OPINION BY MR. JUSTICE FELL, March 6, 1905:

The material allegations in the bill are that the defendant, Seabury, was the agent of Andrew M. Moore for the sale of certain real estate; that in consideration of the plaintiff's promise to co-operate with him to secure a purchaser he agreed to pay the plaintiff one half of the commissions he should receive, and that he assigned to him a one half interest therein; that a purchaser was secured and in an action against the executors of the will of Andrew M. Moore, Seabury recovered a judgment for $19,527.66 for commissions earned; that this judgment was assigned by him to another of the defendants with knowledge by the assignee of the plaintiff's equitable interest in it. The prayers are for an injunction to restrain the collection of the judgment by legal process, its assignment by the use plaintiff, and its payment by the executors, and for an order to pay the fund into court for distribution.

The substance of the answer of Seabury in denial of the plaintiff's right is that the agreement to divide commissions was without consideration, that no services were rendered by the plaintiff and that he did nothing to aid in effecting a sale. It is averred that the plaintiff was the confidential agent and adviser of Andrew M. Moore and, having learned of this agreement with Seabury, came to the latter and threatened that unless he was given a share of the commissions stipulated for he would procure the cancellation of the agreement and prevent the acceptance of any purchaser that might be secured; that the sole inducement for the making of the agreement was the plaintiff's threat that by the unwarranted use of his personal influence with Moore, he would prevent Seabury from deriving any advantage from the agreement.

These averments were fully sustained by the testimony and the court found that the plaintiff was regarded by the parties as the agent of Moore, who had no knowledge of his agreement to share commissions; that all he did in the matter was to pro-

cure at the instance of the purchaser an extension of time for the completion of the contract to buy, and "that he never did anything to help Seabury earn the money for which the latter now has judgment in court." It follows from these findings that the bill was properly dismissed.

The decree is affirmed at the cost of the appellant.